UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | | |
|---|---|---|---|
| MARY ELIZABETH BOHANNON, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| | ) | No. 07 C 1383 | |
| v. | ) | | |
| | ) | Senior District Court Judge | |
| JAMES E. HOWIE, JR., | ) | George W. Lindberg | |
| | ) | | |
| | ) | | |
| Defendant. | ) | | |

MEMORANDUM AND ORDER

Plaintiff Mary Bohannon filed this action alleging a claim against defendant James Howie, Jr., for breach of fiduciary duty. Defendant has filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, defendant's motion is granted.

Defendant was an attorney for the George W. Bohannon Trust (hereinafter "Bohannon Trust"). As a child George W. Bohannon, plaintiff was and is a beneficiary of the trust. Plaintiff alleges defendant owed her a fiduciary duty which was violated in four ways. First, defendant did not include plaintiff in a meeting in which new trustees were appointed to the Bohannon Trust. The trust had a provision which required the beneficiaries to designate a new trustee by majority vote. When there was a vacancy, plaintiff was not present at the meeting and was unable to participate in the selection of new trustees. As a result, plaintiff's sisters were appointed as trustees. Second, plaintiff alleges that defendant "caused" plaintiff's sisters to designate themselves as successor trustees even though he knew it would create a conflict of interest between the trustees and a beneficiary. Third, plaintiff alleges that defendant failed to

advise the trustees that they had an obligation to provide an accounting to plaintiff regarding the status of the trust, as well as an obligation to determine whether plaintiff had a need for principal or income for her medical needs. Fourth, plaintiff alleges defendant failed to have the trustees disburse money to plaintiff for required medical treatment after a letter was sent to the law firm at which defendant was employed. Plaintiff alleges that each of defendant's actions constituted a breach of fiduciary duty owed to her as a beneficiary of the trust.

Defendant moves to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted. *Fed. R. Civ. P. 12(b)(6).* When considering a motion to dismiss, the court must accept as true all well-pleaded facts and draw all reasonable inferences from those allegations in plaintiff's favor. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). In order to state a claim, plaintiff must allege facts that plausibly suggest he is entitled to relief. *Bell Atlantic Corp v. Twombly,* 127 S.Ct. 1955, 1969 (2007). The complaint's allegations "must be enough to raise a right to relief above the speculative level[.]" *Id.*, at 1964. Furthermore, on a motion to dismiss, defendant has the burden of proving the legal insufficiency of plaintiff's complaint. *Yeksigian v. Nappi*, 900 F.2d 101, 104-105 (7th Cir. 1990).

Defendant argues that plaintiff's claim is barred by the Illinois statute of repose. The relevant statute prohibits any "action for damages based on tort, contract, or otherwise . . . against an attorney arising out of an act or omission in the performance of professional services . . . more than six years after the date on which the act or omission occurred." 735 ILCS 5/13-214.3. The first two instances of breach alleged by plaintiff are barred by the statute of repose.

The alleged breaches which occurred when defendant drafted instruments to appoint plaintiff's sisters as successor trustees occurred on or before June 8, 2000. Although plaintiff's complaint does not set forth any specific dates, plaintiff's sisters executed a document titled "Appointment of Successor Trustees" on that date. Thus, the first two breaches alleged by plaintiff necessarily occurred on or before June 8, 2000. Because plaintiff's complaint was filed on March 12, 2007, the allegations regarding these acts or omissions by defendant occurred more than six years prior to the filing of the complaint. Therefore, the Illinois statute of repose bars plaintiff from bringing a claim on the first two allegations of breach of fiduciary duty.

Plaintiff argues that because this is an action for breach of fiduciary duty and not for negligence, the statute of repose does not apply. This contention is unfounded. The statute provides that any "action for damages based on tort, contract, or otherwise . . . against an attorney arising out of an act or omission in the performance of professional services" must be filed within six years of the alleged act or omission. 735 ILCS 5/13-214.3. The Illinois Supreme Court has held that this statute is applicable in all actions for professional malpractice. *DeLuna v. Burciaga,* 857 N.E.2d 229, 245 (Ill. 2006). Illinois courts regard a breach of fiduciary duty brought against an attorney arising from the provision of legal services as "fall[ing] under the rubric of professional malpractice." *Owens v. McDermott, Will & Emery,* 736 N.E.2d 145, 155 (Ill. App. Ct. 2000). Therefore, the statute of repose applies to the instant case and plaintiff is barred from bringing an action for breach of fiduciary duty against defendant.

Defendant argues that this action is also barred by the statute of limitations and collateral estoppel. However, because the statute of repose bars this action from being brought, the court

need not address these alternative arguments. Because the first two allegations of breach of

fiduciary duty occurred more than six years before the complaint was filed, claims based on

these allegations are barred by the statute of repose.

The third instance of breach of fiduciary duty alleged by plaintiff is not an actionable

claim. Plaintiff's allegation that defendant failed to inform the trustees of their obligation to

plaintiff does not constitute a breach of a fiduciary duty owed to plaintiff, as defendant had an

obligation to the trustees and not to the third party beneficiaries of the trust. "The fact that third

parties are . . . benefitted, or damaged, by the attorney's performance does not give rise to a duty

by the attorney to such third parties, and hence cannot be the basis for a cause of action by the

third parties[.]" *Spinner v. Nutt*, 417 Mass. 549, 556 (1994); *see also Saks v. Damon Raike &

Co.*, 7 Cal. App. 4th 419, 430-431 (1992) (beneficiaries of trust cannot bring cause of action

against a trustee's attorney); *Neal v. Baker*, 551 N.E.2d 704, (Ill. App. Ct. 1990) (beneficiary of

trust owed no duty by executor's attorney unless it is proven benefit of attorney was intended to

run to third-party beneficiary). Although defendant was an attorney for plaintiff in unrelated

matters, defendant was the attorney only for the trustees in all matters relating to the Bohannon

Trust. Because there is no cause of action against a trustee's attorney by a third party beneficiary

of the trust, defendant did not breach a fiduciary duty to plaintiff by failing to inform the trustees

of their obligations to plaintiff.

The final instance of breach of fiduciary duty alleged by plaintiff is not an actionable

claim. Plaintiff alleges that defendant took no action to have the trustees disburse income or

principal from the trust in order to fund plaintiff's medical needs. The complaint states that a

07 C 1383

letter was sent on April 14, 2004, to defendant and asked him to have the trustees disburse

money to plaintiff. However, this letter was addressed to "Mr. Hartwell", does not mention

defendant by name, and does not describe defendant in such a way the letter might have reached

him. Therefore, defendant's failure to take action after the letter was sent could not constitute a

breach of fiduciary duty .

     For the foregoing reasons, defendant's motion to dismiss is granted.

     ORDERED: Defendant's motion to dismiss [16] is granted..  Judgment in favor of

defendant James E. Howie Jr. and against plaintiff Mary Elizabeth Bohannon, dismissing

plaintiff's complaint with prejudice, will be set forth on a separate document and entered in the

civil docket. Fed. R. Civ. P. 58(a)(1), (b)(2), 79(a).


           ENTER:

           _____

           GEORGE W. LINDBERG
           Senior U.S. District Judge


DATED:  August 1, 2007